**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

BRYANT KEITH HORTON,
　　　　　*Defendant-Appellant.*

No. 00-4404

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-99-170)

Submitted: January 31, 2001

Decided: February 20, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P., Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bryant Keith Horton appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (1994). Horton pled not guilty to the charge but was convicted by a jury and subsequently sentenced to fifty-two months incarceration and three years of supervised release. Horton's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Horton filed a pro se supplemental brief. Three issues are presented.

First, Horton challenges the sufficiency of the evidence to support his conviction. The Government presented evidence establishing that Horton was a convicted felon, a police officer saw him throw a firearm while running from law enforcement officers, and the firearm recovered from the scene contained Horton's fingerprint. Viewing the evidence in the light most favorable to the Government, we find this was sufficient to convict Horton. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

Second, Horton challenges the district court's denial of his motion for downward departure. Since the district court was aware of its authority to depart, but chose to deny Horton's motion in the exercise of its discretion, this issue is not subject to appellate review. *United States v. Burgos*, 94 F.3d 849, 876 (4th Cir. 1996); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

Third, Horton asserts he was never read his rights when taken into custody. Since Horton made no statements upon arrest, and since the Government never sought to use anything Horton said to present its case, there was no violation of Horton's rights. *Miranda v. Arizona*, 384 U.S. 436 (1966).

In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. We therefore affirm Horton's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the

Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*